## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 04-206-HRW**

**VICTOR HOOLEY,**                                                                    **PLAINTIFF,**

**v.**                               **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant awarding Plaintiff's application for a period of disability and disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on February 28, 2003 (Tr. 12), alleging disability beginning on May 14, 2002, due to lower back injuries, bulging disc, and a compression fracture (Tr. 13). The application was denied initially and on reconsideration (Tr. 12). On March 31,

2004, Administrative Law Judge William H. Gitlow (hereinafter "ALJ") held an

administrative hearing, wherein claimant, accompanied by counsel, testified (Tr.

12, 22).  At the hearing, Dwight McMillion, a vocational expert (hereinafter

"VE"), also testified (Tr. 12).

Plaintiff was forty-eight years old at the time of the hearing decision (Tr.

13).  He has a limited 9th grade education (Tr. 13).  His past relevant work

experience consists of work as a coal laborer and a telephone foreman (Tr. 13).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is
not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his
impairment(s) must be severe before he can be found to be disabled
based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and
has a severe impairment (or impairments) that has lasted or is
expected to last for a continuous period of at least twelve months, and
his impairments (or impairments) meets or medically equals a listed
impairment contained in Appendix 1, Subpart P, Regulation No. 4, the
claimant is disabled without further inquiry.

Step 4:  If the claimant's impairment (or impairments) does not
prevent him from doing his past relevant work, he is not disabled.

Step 5:  Even if the claimant's impairment or impairments prevent
him from performing his past relevant work, if other work exists in

significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On July 15, 2004, the ALJ issued his unfavorable decision finding that Plaintiff was not disabled (Tr. 22). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability on May 14, 2002 (Tr. 13). The ALJ then determined, at Step 2, that Plaintiff suffered from back problems and borderline intellectual functioning, both conditions which he found to be "severe" within the meaning of the Regulations (Tr. 14). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 14). The ALJ determined at Step 4 that Plaintiff could not perform his past relevant work during the period at issue (Tr. 19). The ALJ concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range of light work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 20). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the sequential evaluation process (Tr. 20).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 14, 2004 (Tr. 4).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision.  Both parties have filed Motions for Summary Judgment

[Record Nos. 4 and 5], and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health

and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility."  *Bradley v. Secretary of Health and Human

Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

**B.      Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate his educational level in determining that he had the RFC to perform a significant range of light work; (2) the ALJ improperly disregarded the report of Robert Tiell, a Vocational Psychologist and Consultant, in favor of the opinions of Dwight McMillion, the VE who testified at the hearing; (3) the ALJ failed to accord proper deference to the opinions of Plaintiff's treating physican; and (4) the ALJ did not properly consider Plaintiff's credibility, including Plaintiff alleged need to lie down throughout the day in order to alleviate his back pain.

**C.      Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate his educational level in determining that he had the RFC to perform a significant range of light work.  The Court finds Plaintiff's claim to be without merit.

In the hearing decision, the ALJ, citing the report of Heather Coleman, found that Plaintiff reads at a fifth or sixth grade level and performs math at a fifth grade level (Tr. 18).  Plaintiff claims, however, that the ALJ incorrectly assessed his reading level (Plaintiff's Motion, 2-3).  According to Plaintiff, Ms. Coleman determined in her report that the claimant reads at a kindergarten level and spells on a second grade level (Tr. 199).  Upon review of the record, the Court finds

Plaintiff's contention to be accurate. However, the Court nonetheless finds that the

ALJ properly evaluated Plaintiff's educational level in determining that he had the

RFC to perform a significant range of light work. Specifically, the ALJ limited

Plaintiff to unskilled work and simple, routine tasks, and further, during his

questioning to the VE, eliminated a potential position because it would require the

ability to read medication names (Tr. 61). Accordingly, the Court finds that

substantial evidence supports the ALJ's hypothetical questions to the VE, and thus,

the VE's testimony was based on Plaintiff's correct level of functioning and

supports the ALJ's determination that Plaintiff is not disabled at Step 5.

     Moreover, as pointed out by Defendant, any error in assessing Plaintiff's

education level is harmless. The Sixth Circuit recognizes harmless error in Social

Security cases. *See*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535

(6th Cir. 2001) (remand not necessary when the ALJ fails to discuss a physician's

report because the record as a whole supported the denial of benefits). Other

Circuits have also refused to remand when the ALJ's error was harmless. *See*,

*Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of

administrative law or common sense requires us to remand a case in quest of a

perfect opinion unless there is reason to believe that the remand might lead to a

difference result."); *Brown v. Brown*, 847 F.2d 342, 245 (7th Cir. 1988) ("Rather

than read a passing remark as a colossal mistake, we accord the decision a

presumption of regularity....").  Similarly, in the instant case, any error by the ALJ in assessing or reciting Plaintiff's reading level is harmless, as substantial evidence supported the ALJ's hypothetical questions to the VE.

Plaintiff's second claim of error is that the ALJ improperly disregarded the report of Robert Tiell, a Vocational Psychologist and Consultant, in favor of the opinions of Dwight McMillion, the VE who testified at the hearing.  Specifically, Mr. Tiell opined that Plaintiff was 100% occupationally disabled (Plaintiff's Motion, p. 4, Tr. 337).  According to Plaintiff, the ALJ proffered no explanation for rejecting Mr. Tiell's opinion and accepting that of Mr. McMillion, despite the fact that Mr. Tiell administered vocational tests and Mr. McMillion did not.

As correctly noted by the Defendant, however, the Court may look beyond the ALJ's discussion because the question for judicial review is whether the record taken as a whole, provides substantial evidence to support the Commissioner's ultimate conclusion. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).  The Court finds, that although the record contains conflicting opinions as to the disabling effects of Plaintiff's functional ability, the ALJ properly performed his duty as trier-of-fact in resolving the conflicts in the evidence. *See*, *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Mullins v. Secretary of Human Health and Human Services*, 836 F.2d 980, 984 (6th Cir. 1987) ("Claimant's argument rests solely on the weight to be given opposing medical

opinions, which is clearly not a basis for our setting aside the ALJ's factual finding."); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.").

Under the regulations, the ALJ has the responsibility of assessing a claimant's RFC; thus, even though statements from medical sources about what a claimant can still do are important evidence, they are not determinative. See 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 404.1546(c), 416.913(b), 416.927, 416.945, 416.946(c).  Moreover, "[o]pinions on some issues," such as a claimant's RFC, "are not medical opinions," ... "but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case, i.e., that would direct the determination or decision of disability." 20 C.F.F. § 404.1527(e).  Although an ALJ will consider opinions from medical sources on such issues as a claimant's RFC, "the final responsibility for deciding these issues is reserved for the Commissioner." 20 C.F.R. § 404.1527(e)(2).

Here, the Court concludes that substantial evidence supported the ALJ's decision to reject the testimony of Mr. Tiell in favor of the testimony of Mr. McMillion.  Specifically, the ALJ properly considered and weighed all of the relevant evidence in assessing Plaintiff's RFC, and given the conflicting testimony of Mr. McMillion, properly rejected Mr. Tiell's testimony that Plaintiff was 100%

occupationally disabled.  Accordingly, substantial evidence supports the ALJ's assessment of Plaintiff's RFC.  When the VE testified at the hearing that Plaintiff could perform alternate work in the local and national economy, his testimony was based on the ALJ's assessment, and thus, the ALJ properly relied on the VE's testimony.

The Plaintiff's third claim of error is that the ALJ failed to accord proper deference to the opinions of treating physician, Dr. Mark Kingston.  Specifically, Plaintiff maintains that, in reaching his decision, the ALJ improperly gave less weight to statements from Dr. Kingston, which assessed limitations that exceeded those found by the ALJ.  The Court finds this argument to be without merit.

Medical and diagnostic opinions of treating physicians are entitled to substantial deference, "and if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).  However, the weight given a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. See, 20 C.F.R. §§ 404.1527(d), 416.927(d).  Moreover, the treating physician's opinions may be rejected when good reasons are identified for not accepting them. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

On March 29, 2004, Dr. Kingston submitted a medical assessment form in which he documents limitations that would render Plaintiff essentially disabled (Tr.

353-57).  The ALJ considered Dr. Kingston's report in his decision yet concluded that it was only entitled to minimal weight (Tr. 15-16, 19).  Based on a review of the medical evidence in the record, it appears to the Court that the ALJ was well within his discretion to reject Dr. Kingston's assessment of Plaintiff's functional capacity.  The ALJ gave reasons for not giving Dr. Kingston's assessment controlling weight.  Specifically, the ALJ found that Dr. Kingston's clinical evaluation finding that the claimant has positive straight leg raising bilaterally conflicts with other medical evidence in the record (Tr. 19).  For example, Dr. Kingston's evaluation differed from that of Dr. Lee Balaklaw (Tr. 19), who determined that Plaintiff is able to ambulate normally after leaving the office, while "[h]e is unable to do so in the office."

Further, the ALJ determined that "there is no clinical support for the medical records of Dr. Kingston for such a dramatically limited functional capacity assessment" (Tr. 19), as Dr. Kingston's examination of Plaintiff revealed negative neurological signs, reflecting no nerve root compression.  As such, the Court concludes that the ALJ provided sufficient justification for rejecting Dr. Kingston's report.  Because Dr. Kingston's opinions were inconsistent with the medical evidence of record and unsupported by clinical findings, the Court finds that substantial evidence supports the ALJ's decision to accord Dr. Kingston's opinions little weight.

Plaintiff's fourth claim of error is that the ALJ did not properly consider Plaintiff's credibility, including Plaintiff alleged need to lie down throughout the day in order to alleviate his back pain.  The Court disagrees.

It is well-established that "[a]n individuals statements as to 'pain or other symptoms will not alone establish that [she is] disabled.'" *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997), quoting 20 C.F.R. § 404.1529(a).  Rather, in reviewing the ALJ's decision, courts must employ "a two-prong test to evaluate a claimant's assertions of disabling pain." *Id*. First, courts must consider "whether there is objective medical evidence of an underlying medical condition." *Id*.  If there is such evidence, "we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain." *Id*.

In the instant case, the ALJ determined that Plaintiff had failed to meet this standard because the objective medical evidence of record and Plaintiff's daily activities did not support the alleged severity of his complaints (Tr. 17-18).  The ALJ gave thorough consideration to Plaintiff's back pain (Tr. 17-18).  However, the ALJ found Plaintiff's "credibility to be less than good."

It is well established that "[i]n evaluating complaints of pain, an ALJ may

properly consider the credibility of the claimant." *Walters*, 127 F.3d 525, 531.  An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Id*.  In addition to judging credibility, the ALJ is charged with weighing the evidence before him. *Meyers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972).

Here, the ALJ found that Plaintiff has a tendency to exaggerate his back symptoms as reported by Dr. Balaklaw (Tr. 17-18, 149-50, 156, 166, 175).  The ALJ also determined to discount Plaintiff's credibility because Plaintiff was less than candid with regard to the results of an MRI report of August 2002, his drinking history, and his ability to sit for prolonged periods of time (Tr. 18).  Similarly, the ALJ noted that Plaintiff's treatment history for back pain was inconsistent, in that Plaintiff had not performed any home exercises or lost any weight, as recommended by Dr. Snider (Tr. 18).  As the ALJ set forth the reasons for finding Plaintiff's subjective allegations, including back pain, to be less than credible, the Court defers to the ALJ's credibility assessment.  Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's subjective allegations, including back pain, were excessive and not fully credible.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite

conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 26, 2005.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**